## Dolph *v.* State.

[71 South. 911.]

1. LANDLORD AND TENANT. *Removal of property. Criminal responsibility. Intent. Evidence.*

   In a prosecution under Code 1906, section 1261, for removing from the leased premises garden produce subject to a landlord's lien, the intent to defeat or impair the lien is the gravamen of the charge.

2. SAME.

   In such case evidence is admissible to prove that defendant understood from his contract with the landlord that the lien applied only to cotton and corn and not to garden produce.

APPEAL from the circuit court of Warren county.

HON. E. L. BRIAN, Judge.

Will Dolph was convicted of removing property subject to a lien from leased premises and appeals.

The facts are fully stated in the opinion of the court.

*A. A. Chaney,* for appellant.

*Lamar F. Easterling,* Assistant Attorney-General, for the state.

COOK, P. J., delivered the opinion of the court.

Appellant was indicted and convicted, under section 1261, Code 1906, for removing property subject to lien from premises. Appellant was a share cropper, and one Mr. Childs was his landlord. The contract was verbal. According to the landlord's version, appellant was to deliver to him one-half of all of the agricultural products raised by him. According to appellant's understanding of the contract he was to deliver to his landlord one-half of the cotton and corn grown on the land. The trial court would not permit appellant to tell the jury what was his understanding of the contract. It seems that appellant also planted a potato patch and sold the potatoes produced thereon, pocketing the proceeds.

The gravamen of the charge was that appellant removed the potatoes from the leased premises "with intent to defeat or impair the lien." If appellant believed that he had a right to sell or use the "garden truck," it followed that he did not remove the potatoes with intent to defeat the landlord's lien. It is probably not too much to say that according to the custom in this state, the tenant on a cotton and corn farm is usually entitled to horticultural products, and it is not unreasonable to assume that he so construed his contract. He did not have notice of the lien, because he understood that his contract excepted the potatoes. This evidence should have gone to the jury. The jury, with this evidence before them, might have reasonably believed that there was no intent to defeat or impair the landlord's lien.

*Reversed and remanded.*